UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN P. RIVERA, #1156242           :
                                    :
    Petitioner,                     :
                                    :
v.                                  :  Case No.: 2:15cv143
                                    :
HAROLD W. CLARKE,                   :
Director, Virginia Department       :
of Corrections, et al.              :
                                    :
    Respondents.                    :

## REPORT AND RECOMMENDATION

Petitioner Kevin P. Rivera ("Petitioner" or "Rivera"), a Virginia inmate, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Rivera's petition alleges multiple claims against the Virginia Department of Corrections and the Virginia Parole Board (the "Board"). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is time-barred, the undersigned recommends that Respondents' Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED with prejudice.

## I. STATEMENT OF THE CASE

In February 1995, the Norfolk Circuit Court sentenced Rivera to eleven years of incarceration for unlawful wounding/bodily injury and use of a firearm in the commission of a felony, and imposed a suspended sentence for attempted robbery. (Affidavit of Wendy Brown, Legal Services and Community Release Manager, Virginia Department of Corrections, ECF No. 9-3, at 2). The following year, stemming from a different matter, Rivera pleaded guilty to

1

robbery, use of a firearm in the commission of a felony, and conspiracy to commit a felony in Virginia Beach Circuit Court on July 10, 1996. Commonwealth v. Rivera, No. CR95-4000 (Va. Cir. Ct. July 10, 1996); see also (Brown Affidavit, ECF No. 9-3, at 2-3). The Virginia Beach Circuit Court sentenced him to twelve years of incarceration, with six of these years suspended. (Brown Affidavit, ECF No. 9-3, at 2-3). As a result of the Virginia Beach and Norfolk sentences, Rivera had a total active sentence of seventeen years and twenty days. Id. at 3.

On May 13, 2004, Rivera was released on mandatory parole. (ECF No. 1-3, at 13). At this time, seven years, seven months, and thirteen days remained unserved of Rivera's original seventeen-year sentence, of which six years, eleven months, and ten days was accumulated good time credit. (Brown Affidavit, ECF No. 9-3, at 4). After Rivera violated the terms of his release, the Board revoked his parole on April 21, 2006. Id. at 5. The Board reapplied the unserved time, including the previously earned good time credits, to Rivera's sentence and ordered Rivera to physically serve the remaining portion of his seventeen-year sentence. Id. at 5-6.

On August 2, 2007, Rivera was released on discretionary parole. (ECF No. 1-3, at 16). At this time, five years, eleven months, and sixteen days remained from the sentence imposed after the revocation of Rivera's mandatory parole. (Brown Affidavit, ECF No. 9-3, at 7). On December 14, 2011, the Board revoked Rivera's discretionary parole and required him to serve the remaining five years, eleven months, and sixteen days of his incarceration. Id. at 7. Rivera's current release date is September 5, 2017. Id. at 8.

On March 5, 2014, Rivera filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.[1] The petition alleged that the Board violated Rivera's 14th Amendment rights, as well as the Ex Post Facto Clause, when it improperly revoked Rivera's earned good time

---

[1] The earliest possible date of filing of a habeas petition from an incarcerated pro sé litigant is the date the prisoner delivered the petition to prison officials. Lewis v. Richmond City Police Dep't, 947 F.2d 733, 734 (4th Cir. 1991); see also (ECF No. 9-1, at 6) (showing the date Rivera signed his petition).

2

credits and required him to serve his full sentence. The Virginia Supreme Court found that Rivera's claims were "not cognizable in a petition for a writ of habeas corpus," and accordingly, denied his petition on April 30, 2014. Rivera v. Governor for the State of Virginia, No. 140403 (Va. Apr. 30, 2014), available at (ECF No. 9-1, at 53).

Rivera subsequently filed a petition for a writ of mandamus in the Circuit Court of the City of Chesapeake on October 29, 2014,[2] with similar claims as his petition to the Virginia Supreme Court. In its Final Order, the Circuit Court denied the petition and dismissed Rivera's claim. Rivera v. Ray, No. CL14-2716 (Va. Cir. Ct. May 21, 2015); available at (ECF No. 9-2, at 116-17).

On March 16, 2015, Rivera filed his current petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (ECF No. 1).[3] The petition raises the following claims:

(1) The Virginia Department of Corrections failed to count one year and fourteen days of jail credit time earned while Rivera was incarcerated awaiting his July 1996 sentencing in the Virginia Beach Circuit Court, in violation of Virginia Code § 53.1-187 ("Claim 1"). (ECF No. 1, at 5-6).

(2) The Board violated the Ex Post Facto Clause, as well as the 14th Amendment of the U.S. Constitution, in April 2006 ("Claim 2") and again in December 2011 ("Claim 3"), when it reapplied Rivera's accumulated good time to his sentence, required him to complete the entire unserved portion of his sentence, and would not permit him to earn good conduct credits against the unserved time. (ECF No. 1, at 8-9, 10-11).

(3) The Board improperly denied Rivera discretionary parole ("Claim 4"). (ECF No. 1, at

---

[2] A habeas petition is considered filed when the prisoner delivers his pleading to prison officials. Lewis, 947 F.2d at 734; see also (ECF No. 9-2, at 38) (showing the date Rivera signed his petition).
[3] The date Rivera signed his petition is considered the filing date. See Lewis, 947 F.2d at 734; see also (ECF No. 1-1, at 47).

3

10-11).

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents timely filed an Answer (ECF No. 7) and Motion to Dismiss (ECF No. 8), along with a memorandum in support (ECF No. 9). Respondents argue that all of Rivera's claims are time-barred under the federal habeas statute of limitations, he has not exhausted his state court habeas corpus remedies for some of his claims, and his claims are without merit.

After requesting extensions of time, which this Court granted, Rivera filed a timely Response in Opposition to Respondents' Rule 5 Answer and Motion to Dismiss. (ECF No. 16). Among other arguments, Rivera contends that he did not become aware of Respondents' practices regarding the calculation and reapplication of good time credits - as well as other factors affecting the denial of discretionary parole - until March and May of 2014, when the Board denied Rivera's request for appeal from the Board's parole denial decision. Rivera also argues that the date of final review that commences the limitations period for his petition is the date of his yearly parole hearing. Rivera subsequently filed a Request for the Production of Documents and Things, asking this Court to authorize Rivera to conduct discovery. (ECF No. 17).

After reviewing each of Rivera's claims, this Report concludes that Rivera's federal habeas petition is untimely and he is unable to show good cause for his discovery request.

## II. ANALYSIS

### A. The Statute of Limitations Imposes a One-Year Filing Deadline for Habeas Petitions.

Rivera's petition is untimely because it is barred by the statute of limitations that applies to federal habeas corpus petitions. The Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA) sets forth a one-year statute of limitations, applicable to petitions for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1) (2012). The limitations period begins to run on the latter of (1) the date of final judgment, id. § 2244(d)(1)(A), or (2) the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," id. § 2244(d)(1)(D).[4]

The date of final judgment in § 2244(d)(1)(A) refers to the conclusion of direct review or the date when the time for pursuing an appeal of the judgment expires. Id. § 2244(d)(1)(A). For the purposes of subsection (A), although state habeas petitions may toll the running of the limitations period, they do not extend the date on which the conviction becomes final. See Wade v. Robinson, 327 F.3d 328, 332-33, 333 n.4 (4th Cir. 2003) ("[F]ederal courts do not look to the date of the state court's denial of habeas relief as the date on which the custody judgment becomes final, but, rather, to the date the conviction is affirmed on direct review.").

Section 2244(d)(1)(D) provides that the time limitation also may run from the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2254(d)(1)(D). Under subsection (D), the limitations period begins to run when the petitioner has the opportunity to discover a factual predicate through public sources. Wade, 327 F.3d at 333 (finding that petitioner could have discovered the factual predicate of his claim on the date when his parole revocation became final). Legal Update sheets[5] showing jail good time credits and parole eligibility dates are appropriate sources for

---

[4] There are two other possible dates on which the statute of limitations could begin. The statute requires the use of the latest date, and neither of the parties argues that subsections (B) or (C) should be the basis for the start date in this case. See 28 U.S.C. § 2244(d)(1)(B), (C).

[5] Legal Update sheets are generated by the Department of Corrections and forwarded to the inmate's assigned institution for distribution to the inmate. See Knight v. Clarke, No. 2:11–cv–00655, 2012 WL 3068777, at *2 (E.D. Va. May 31, 2012).

petitioners to discover the factual predicates of their parole revocation claims. See Knight, 2012 WL 3068777, at *2.

Specifically for petitions based on parole revocation claims, the date when the parole revocation became final is the operative date for the statute of limitations under subsection (D). Wade, 327 F.3d at 333. Likewise, when a petitioner's good time credits are revoked, petitioner could discover the factual predicate of a claim related to the revocation through public sources, and the statute of limitations begins to run. Id.

The federal limitations period is tolled if the petitioner properly files a state habeas petition. 28 U.S.C. § 2254(d)(2). Courts will not consider habeas petitions filed after the expiration of the statute of limitations, unless grounds for equitable tolling exist. Holland v. Florida, 560 U.S. 631, 634 (2010).

The one-year limitations period of the AEDPA applies to Rivera's habeas petition in this Court because he is a person currently in custody pursuant to his 1995 Norfolk and 1996 Virginia Beach state court convictions and sentences. See Wade, 327 F.3d at 331. In this case, the limitations period began to run at different times for Rivera's claims, but each accrued more than one year before his 2015 filing date. In addition, Rivera has not made any showing that he is entitled to equitable tolling.

1. **Claim 1 – Failure to Credit Jail Time Awaiting Sentencing**

Rivera's Claim 1 is based on the assertion that the Virginia Department of Corrections failed to award him jail credit during the period Rivera was incarcerated and awaiting his Virginia Beach sentencing in 1996. For the purposes of 28 U.S.C. § 2244(d)(1)(A), the statute of limitations for Claim 1 began to run on August 11, 1996,[6] the day after the deadline to appeal

---

[6] The end of the 30-day limit fell on Sunday, August 9, 1996; therefore, the last day to file an appeal was Monday, August 10.

Rivera's Virginia Beach conviction, see Va. Sup. Ct. R. 5A:6(a) (2015), and expired one year later, on August 11, 1997.[7] This date, however, is not necessarily when the limitations period expired under § 2244(d)(1) because Rivera may not have been aware that he would not receive credit at the time his conviction became final.

Nevertheless, under 28 U.S.C. § 2244(d)(1)(D), Rivera could have discovered the factual predicate of Claim 1 no later than June 17, 1997, which is the date of a Legal Update sheet Rivera cites showing jail credit calculations from 1994 and 1995. Thus, the limitations period on Claim 1 ended one year after this date, on June 17, 1998. (ECF No. 1-1, at 18; ECF No. 1-3, at 9). Because Petitioner had until the later of the dates calculated under subsection (A) - August 11, 1997 - and subsection (D) - June 17, 1998 - the latest day Rivera could file a writ of habeas corpus petition based on Claim 1 was June 17, 1998. Rivera's 2014 petition for writ of habeas corpus in the Supreme Court of Virginia and his 2014 Petition for a Writ of Mandamus in the Circuit Court of the City of Chesapeake did not toll the statute of limitations because Rivera filed both petitions outside the limitations period. Rivera filed his petition in this Court on March 16, 2015, exceeding the statutory due date by sixteen years and nine months. Claim 1 is therefore time barred.[8]

2. **Claims 2 and 3 – Reimposition of Entire Unserved Sentence and Reapplication of Good Time Credit to Sentence; Bar from Earning Additional Good Conduct Credits**

In Claims 2 and 3, Rivera is not challenging the 1995 Norfolk or 1996 Virginia Beach convictions; rather, he is asserting claims in connection with revocations of his parole. The basis

---

[7] August 10, 1997, fell on a Sunday.
[8] Although Rivera's petition is time-barred as to Claim 1, Respondents note that Rivera received jail credit for the time he was in pre-trial and post-trial confinement in connection with his 1995 Norfolk sentence. (Brown Affidavit, ECF No. 9-3, at 3-4). This credit was applied to Rivera's sentence. Id. At the time he was awaiting his 1996 Virginia Beach sentence, Rivera was already incarcerated - and receiving credit towards his previous Norfolk sentence. Id. at 5.

7

for Claims 2 and 3 relating to the reimposition of Rivera's entire unserved sentence - including his previously earned good time credits - arose on the dates when the Board revoked Rivera's parole on two different occasions. In Claims 2 and 3 Rivera also asserts that after the parole revocations he did not earn good time credits on the unserved portion of his sentence. Section 2244(d)(1)(D) provides the commencement date for the limitations period on these two claims. See Ridley v. Clarke, No. 2:10cv387, 2011 WL 796671, at *3 (E.D. Va. Jan. 13, 2011) (citing Wade, 327 F.3d at 333).

Rivera's Claim 2 originates from a revocation of his parole which occurred on April 21, 2006. (See ECF No. 1-3, at 13, showing parole revocation date). For the purpose of calculating the statute of limitations, the one-year filing period for Claim 2 relating to the reimposition of Rivera's unserved sentence commenced on this date. Ridley, 2011 WL 796671, at *3. The deadline for Rivera to file his petition in connection with this portion of Claim 2 expired on April 23, 2007.[9]

Rivera submitted a Legal Update sheet, dated June 8, 2006, that shows jail credits he earned in 2005 and 2006, around the time of his parole violation and revocation. (ECF No. 1-3, at 13-14). Based on this Legal Update sheet, Rivera could have discovered the factual predicate of his claim that he was not earning good conduct credits on his reapplied sentence no later than June 8, 2006. The statute of limitations for the portion of Claim 2 that relates to the bar from earning good time credits thus began to run on June 8, 2006, and expired one year later, on June 8, 2007.

Similarly, the Board revoked Rivera's parole a second time on December 14, 2011, which event serves as the basis for Claim 3. (See ECF No. 1-3, at 16, showing parole revocation date). The statute of limitations for Claim 3 relating to the reimposition of Rivera's unserved

---

[9] April 21, 2007, fell on a Saturday.

sentence began to run on this date, and Rivera had until December 14, 2012, to make his federal filing in connection with this claim.

A Legal Update sheet dated January 5, 2012, which Rivera submitted with his petition, lists jail credit days Rivera had earned in 2011, around the time of his parole violation and revocation. (ECF No. 1-3, at 16-17). Rivera could have discovered the factual predicate of his claim that he was not earning good conduct credit after the reimposition of his entire sentence no later than January 5, 2012. The one-year statute of limitations for this portion of Claim 3 expired on January 7, 2013.[10]

Neither the March 2014 filing of the writ of habeas corpus in the Virginia Supreme Court, nor the October 2014 Petition for a Writ of Mandamus in the Circuit Court of the City of Chesapeake tolled the statute of limitations because Rivera filed both petitions after the statute of limitations for all portions of both Claim 2 and Claim 3 had expired. When Rivera filed his current petition in this Court on March 16, 2015, his filing exceeded the statutory due date by nearly eight years for both portions of Claim 2, and more than two years for both portions of Claim 3. Claims 2 and 3 are thus untimely.

### 3. **Claim 4 - Denial of Discretionary Parole**

Rivera's Claim 4 asserts violations in connection with the denials of his requests for discretionary parole. The Board denied Rivera's first request for discretionary parole on January 14, 2013. (ECF No. 1-3, at 54-55). Rivera appealed the denial, and the Board denied the appeal on April 9, 2013. (ECF No. 1-3, at 56). This is the date on which Rivera could have discovered the factual predicate of his claim through public sources. See Ridley, 2011 WL 796671, at *3; Wade, 327 F.3d at 333.

The one-year limitations period would have expired one year later, on April 9, 2014, but

---

[10] January 5, 2013, fell on a Saturday.

9

Rivera's habeas petition in the Virginia Supreme Court tolled the limitations period. Rivera filed his state petition for a writ of habeas corpus in the Virginia Supreme Court on March 5, 2014. At the time, 329 days had run, leaving 36 days remaining of the one-year limitations period. The Virginia Supreme Court dismissed the petition on April 30, 2014. The limitations period began to run again, expiring on June 5, 2014. Accordingly, Rivera had until June 5, 2014, to file his federal petition in connection with Claim 4.[11]

The October 2014 writ of mandamus petition in the Circuit Court of the City of Chesapeake had no effect on the limitations period because Rivera filed the writ of mandamus after the statute of limitations had expired. Because Rivera waited until March 16, 2015, to file his current petition in this Court, Claim 4 exceeded the statutory due date by over nine months.

## B. Equitable Tolling Does Not Apply to Rivera's Claims.

Petitions filed pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland, 560 U.S. at 645. In rare circumstances, a petitioner may benefit from equitable tolling, if he is able to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way," preventing him from meeting the statutory filing

---

[11] It is unclear whether Rivera is partially basing Claim 4 on the Board's subsequent denial of discretionary parole. On December 5, 2013, the Board decided not to grant Rivera's second request for discretionary parole. (ECF No. 1-3, at 59). Rivera appealed the denial, and then asked for reconsideration of the decision. The Board denied the appeal on March 28, 2014, id. at 61, and declined to reconsider its decision on May 29, 2014, id. at 63. To the extent that Rivera is including the denial of his second request for discretionary parole in Claim 4, this portion of the claim is not barred by the one-year statute of limitations. However, Rivera's state habeas petition – filed two months before the subsequent denial – did not exhaust the claim, rendering it simultaneously exhausted and defaulted. See (ECF No. 9-1) (attaching Rivera's state habeas petition); see also Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000) (stating that in Section 2254 cases, "a federal petitioner must generally exhaust his claims in state court before bringing them to federal court in a habeas petition" and if the "claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts"). Moreover, the Fourth Circuit has found that "inmates are entitled to no more than minimal procedure," which is satisfied when parole authorities provide a prisoner with a statement of the reasons for denial of parole. Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The July 21, 2014, letter from the Virginia Parole Board to Rivera listed the following reasons for denying parole to Rivera: prior convictions indicated that Rivera was unlikely to comply with the conditions of his release; a history of violence; an extensive criminal record; and the serious nature of the offenses. (ECF No. 1-3, at 59-60). This letter satisfies the minimum requirements of due process. See Vann, 73 F.3d at 523 (stating that the Board's letter informing petitioner that because of his "additional sentence(s) and recomputation of [his] total sentence," he was not eligible for parole was sufficient to meet the due process requirement).

deadline. Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the application of equitable tolling "must be guarded and infrequent"). Petitioners bear the burden of establishing the grounds for equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In the current case, Rivera has neither asserted a ground for equitable tolling nor is any basis apparent from the record. In his response, Rivera presents arguments for when the statute of limitations began to run, but he does not provide an argument as to why equitable tolling should apply. Rivera did not meet his burden of showing that there were no opportunities for him to discover the factual predicates of his claims. In fact, the exhibits he relies upon establish his prior knowledge of each predicate fact. He has not diligently pursued his rights. Therefore, Rivera is not entitled to equitable tolling, and his habeas petition is time-barred.

## C. Rivera Has Not Shown Good Cause for His Discovery Request.

On September 24, 2015, after briefing on the Respondents' motion was concluded, Rivera filed a request for discovery. (ECF No. 17). Under the federal habeas rules, discovery in Section 2254 cases is not automatic and requires leave of the court. The court "may, for good cause, authorize a party to conduct discovery." Rules Governing Section 2254 Cases in United States District Court, R. 6, 28 U.S.C. app. § 2254 (2006). Rivera did not seek leave, nor has he attempted to demonstrate good cause. Because Rivera's federal habeas petition is barred by the statute of limitations, he cannot show good cause for his request for discovery, and it should be denied.

## III. RECOMMENDATION

For the foregoing reasons, Rivera's petition is time-barred, and the undersigned recommends that Respondents' Motion to Dismiss be GRANTED and that Rivera's petition for a

writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claim be DISMISSED with prejudice. Similarly, Rivera's request for production of Documents and Things should be DENIED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
October 19, 2015.

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Kevin P. Rivera
No. 1156242
St. Brides Correctional Center
P.O. Box 16482
Chesapeake, VA 23328

James M. Isaacs, Jr.
Office of the Attorney General (Richmond)
900 E Main St
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
    Deputy Clerk

October 19, 2015